UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN PAUL MANN,

                              Plaintiff,

v.                                                  14-CV-1285

                                                         (GTS/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS
*Counsel for Plaintiff*                             PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, New York 12414

HON. RICHARD S. HARTUNIAN          LAUREN MYERS, ESQ.
United States Attorney for the           Special Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
Room 218
James T. Foley U.S. Courthouse
Albany, New York 12207

OFFICE OF GENERAL COUNSEL
Social Security Administration
26 Federal Plaza, Room 3904
New York, New York 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      This matter was referred to the undersigned for report and recommendation by the Honorable Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. This case has proceeded in accordance with

General Order 18 of this Court, which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed briefs. Oral argument was not heard. For the reasons discussed below, it is recommended that the Commissioner's decision be remanded.

I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is currently fifty-five years old. (Administrative Transcript, "T". at 40.[1]) The highest level of education he completed is eighth grade. (T. at 43.) He has a driver's license and has worked as a laborer and maintenance worker. (T. at 311.) Plaintiff alleges disability due to back disorder, depression, gastroesophageal reflux disease ("GERD"), chronic obstructive pulmonary disease ("COPD"), and borderline intellectual functioning. (T. at 14; 310; 397-98; 479-80; 482-83.)

Plaintiff applied for disability insurance benefits and Supplemental Security Income ("SSI") on September 11, 2009, alleging disability as of January 1, 2008. (T. at 266-77.) The application was denied on January 20, 2010. (T. at 157-68.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 7, 2011. (T. at 123.) On January 25, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 135-49.)

Plaintiff requested a review of the Unfavorable Decision on February 14, 2011. (T. at 217-20.) His representative submitted a letter format brief on November 27, 2012. (T. at 348-

---

[1] The Administrative Transcript is found at Dkt. No. 8. Page numbers in citations to the Administrative Transcript refer to the Bates stamped page numbers on the bottom right of the original document rather than to the page numbers assigned by the Court's electronic filing system.

50.) The Appeals Council remanded the claim by Order dated May 29, 2012. (T. at 150-53.)

Another hearing was held on November 28, 2012. (T. at 31.) The ALJ again issued a finding that Plaintiff was not disabled. (T. at 8-30.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 26, 2014. (T. at 1-6.) Plaintiff commenced this action on October 20, 2014. (Dkt. No. 1.)

## II.     APPLICABLE LAW

### A.     Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2006). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

(1) whether the claimant is currently engaged in substantial gainful

3

> activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014.) "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). If the plaintiff-claimant meets his or her burden of proof, the burden shifts to the defendant-Commissioner at the fifth step to prove that the plaintiff-claimant is capable of working. *Id.*

**B.**  **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the

4

determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2012); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010);[2] *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] On Lexis, this published opinion is separated into two documents. The first is titled *Roat v. Barnhart*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the district judge's short decision adopting the magistrate judge's report and recommendation. The second is titled *Roat v. Comm'r of Soc. Sec.*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the magistrate judge's report and recommendation. Westlaw includes both the district court judge's decision and the magistrate judge's report and recommendation in one document, titled *Roat v. Barnhart*, 717 F. Supp. 2d 241 (N.D.N.Y. 2010). The Court has used the title listed by Westlaw.

## III. THE ALJ'S DECISION

Here, the ALJ found that Plaintiff was not disabled at step five of the five-step analysis. (T. at 41-42.) In the first decision, the ALJ found that Plaintiff's severe impairments included low back disorder with radicular pain in his lower extremities; spinal stenosis of the cervical spine; depression; COPD; borderline intellectual functioning, and GERD. (T. at 140.) The ALJ further found that none of the impairments met or equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T. at 141.)

In the second decision, the ALJ found that Plaintiff's severe impairments included back disorder, depression, and borderline intellectual functioning. (T. at 14.) The ALJ found that there was no objective evidence from the record to support a finding of severe impairment due to GERD or COPD. *Id.*

At step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except he found Plaintiff can: occasionally lift and carry twenty pounds; frequently lift and carry ten pounds; stand and walk in thirty minute intervals up to four to eight hours per day; sit up to six to eight hours in thirty minute to one hour intervals; handle, finger, and feel frequently but not repetitively; follow and understand simple instructions and directions; perform simple, routine tasks with occasional supervision but requires supervision and reminders to learn new tasks and make appropriate work-related decisions; have transactional and superficial contact with supervisors and co-workers, and have occasional transactional contact with the public. (T. at 16.)

The ALJ then proceeded to step five after finding that Plaintiff was unable to perform any past relevant work. (T. at 24.) He found that Plaintiff was forty-seven years old, which is

defined as a younger individual age eighteen to forty-nine, on the alleged disability onset date. *Id.* He also found Plaintiff had a marginal education and was able to communicate in English. *Id.* The ALJ found that transferability of job skills was "not an issue" in this case as Plaintiff's past relevant work is unskilled. *Id.* The ALJ then determined that based on Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* For example, the ALJ found that Plaintiff could perform the requirements of representative occupations such as electrical assembler, table worker, Ampule sealer, and small production assembler. (T. at 25.)

### IV. THE PARTIES' CONTENTIONS

Plaintiff claims the ALJ committed reversible error in failing to provide reasons for rejecting the opinions of Plaintiff's treating physician, Samuel Merkhan, M.D., impartial medical expert, Gerald Greenberg, M.D., treating sources at Greene County Mental Health, and consultative examiner, Kerry Brand, Ph.D. (Dkt. No. 11 at 4-5.)[3] Plaintiff also claims that his RFC as determined by the ALJ is not supported by substantial evidence in the record. (Dkt. No. 11 at 1.)

Defendant contends that the ALJ's decision applied the correct legal standards and is supported by substantial evidence and thus should be affirmed. (Dkt. No. 12 at 6.)

### V. DISCUSSION

Plaintiff's primary treating physician, Dr. Merkhan, completed a Medical Source Statement of Ability to do Work Related Activities (Physical) on November 3, 2010. (T. at 533-

---

[3] Page numbers in citations to the Docket refer to the page numbers assigned by the Court's electronic filing system.

39.) He found that Plaintiff could frequently lift and/or carry up to ten pounds; lift and/or carry up to twenty pounds occasionally; walk for two hours in an eight-hour workday; pull and/or push with bilateral upper extremities; never climb ladders or scaffolds or balance; climb stairs and ramps, stoop, kneel, crouch or crawl occasionally; and could endure no more than occasional exposure to unprotected heights, moving mechanical parts, humidity and wetness, dusts, odors, fumes, and pulmonary irritants, extreme cold and heat, and vibrations; and could occasionally operate a motor vehicle. *Id.* With respect to the opinion of Plaintiff's treating physician, the ALJ cited that Dr. Merkhan completed a Medical Source Statement of Ability to do Work Related Activities (Physical) dated November 3, 2010, in which he stated the aforementioned findings. (T. at 23.) The ALJ did not state what weight he accorded Dr. Merkhan's opinion. *Id.* Then, contrary to Dr. Merkhan's opinion, the ALJ found Plaintiff could sit up to six to eight hours in thirty minute intervals, and stand and walk up in thirty minute intervals up to four to eight hours per day. (T. at 16.) The ALJ did not mention any nonexertional limitations such as exposure to the various irritants mentioned above, nor any limitations for operating a motor vehicle. *Id.*

In the rest of his opinion, the ALJ noted that he gave "significant weight" to the opinion of state agency psychiatric consultant, L. Hoffman, Ph.D. (T. at 23.) The ALJ also noted that one of Dr. Greenberg's remarks was "conclusory," and therefore of "limited probative value," yet did not assign this opinion any specific weight. *Id.* Finally, the ALJ assigned "some weight" to the opinion of Dr. Kautilya Puri, M.D. *Id.* However, the ALJ did not discuss the weight, if any, he assigned to Dr. Merkhan, nor did the ALJ explain why his RFC determination of Plaintiff's physical limitations was different than that of Dr. Merkhan. (T. at 16-24.)

### A. Contentions Regarding the RFC Determination

A claimant's RFC is the most he can do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means eight hours a day, for five days a week, or an equivalent work schedule. *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (citing *Melville v. Apfel*, 198 F.3d 45, 42 (2d Cir. 1999) (quotations omitted)).

In determining RFC, the ALJ can consider a variety of factors including a treating physician's or examining physician's observations of limitations, the claimant's subjective allegations of pain, physical and mental abilities, as well as the limiting effects of all impairments even those not deemed severe. 20 C.F.R. § 404.1545(a). Age, education, past work experience, and transferability of skills are vocational factors to be considered. *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999). Physical abilities are determined by evaluation of exertional and nonexertional limitations. Exertional limitations include claimant's ability to walk, stand, lift, carry, push, pull, reach, and handle. 20 C.F.R. § 404.1569a(b).

The RFC can only be established when there is substantial evidence of each physical requirement listed in the regulations. *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430, 440 (N.D.N.Y. 2004) (citation omitted). In assessing RFC, the ALJ's findings must specify the functions a plaintiff is capable of performing; conclusory statements regarding plaintiff's capacities are not sufficient. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010) (citation omitted). RFC is then used to determine the particular types of work a claimant may be

able to perform. *Whittaker*, 717 F. Supp. 2d at 440.

Plaintiff claims that his RFC as determined by the ALJ is not supported by substantial evidence in the record. (Dkt. No. 11 at 1.) Plaintiff also claims the ALJ committed reversible error in failing to provide reasons for not according adequate weight to the opinion of Plaintiff's treating physician, Dr. Merkhan. *Id.* at 4-5.

Defendant contends that the ALJ's decision applied the correct legal standards and is supported by substantial evidence and thus should be affirmed. (Dkt. No. 12 at 6.) Specifically, with respect to Dr. Merkhan, Defendant concedes that "controlling weight . . . was not given to [his] opinion" but contends that "the ALJ clearly considered [Dr. Merkhan's] opinion in concluding Plaintiff could perform a range of light work." (Dkt. No. 12 at 9.)

**B.     The Treating Physician Rule**

The medical opinions of a claimant's treating physician are generally given controlling weight as opposed to the opinions of other medical professionals "[i]f . . . a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence." 20 C.F.R. § 404.1527(c)(2). Medically acceptable techniques include consideration of a patient's report of complaints, or history, as an essential diagnostic tool. *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003). Generally, the longer a treating physician has treated the claimant and the more times the claimant has been seen by the treating source, the more weight the Commissioner will give to the physician's medical opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(c)(2)(I)).

An opinion from a treating source that the claimant is disabled cannot itself be

determinative. *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). However, a lack of specific clinical findings in the treating physician's report is not, by itself, a reason to justify an ALJ's failure to credit the physician's opinion. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (citing *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).

"An ALJ who refuses to give controlling weight to the medical opinion of a treating physician must consider various factors to determine how much weight to give to the opinion." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004) (citation omitted). This analysis must be conducted to determine what weight to afford any medical opinion. 20 C.F.R. § 404.1527(c). This is necessary because the ALJ is required to evaluate every medical opinion received. *Id.; see also Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (finding that the ALJ failed to satisfy the treating physician rule when he discounted a report because it was incomplete and unsigned). These factors include: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6) (2012). This includes a requirement that the ALJ attempt to fill any clear gaps in the administrative record. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). Filling a gap in the record may include requesting that the treating physician supplement his findings with additional information. *Id.* at 80 (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).

The Regulations require the Commissioner's notice of determination or decision to "give good reasons" for the weight given a treating source's opinion. 20 C.F.R. § 404.1527(c)(2)

11

(2012). This is necessary to assist the court's review of the Commissioner's decision and it "let[s] claimants understand the disposition of their cases." *Halloran*, 362 F.3d at 33 (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Failure to provide "good reasons" for not crediting the opinion of a claimant's treating physician is a ground for remand. *Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999); *Halloran,* 362 F.3d at 32-33. The Second Circuit has noted that it "will continue remanding when [the court] encounter[s] opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physicians's opinion." *Halloran,* 362 F.3d at 33. However, remand is unnecessary where application of the correct legal standard could lead to only one conclusion. *Schaal*, 134 F.3d at 504.

**C.     Analysis**

Here, in determining Plaintiff's RFC, the ALJ's opinion differed from that of the treating physician. (T. at 16; 533-39.) Dr. Merkhan found that Plaintiff could lift and/or carry up to ten pounds frequently and twenty pounds occasionally, sit up to six hours at one time without interruption, stand up to four hours total without interruption or total in an eight hour work day, and walk only two hours in an eight hour work day. (T. at 533-34.) Dr. Merkhan also found that Plaintiff could pull and/or push with bilateral upper extremities; never climb ladders or scaffolds or balance; climb stairs and ramps, stoop, kneel, crouch or crawl occasionally; and could endure no more than occasional exposure to unprotected heights, moving mechanical parts, humidity and wetness, dusts, odors, fumes, and pulmonary irritants, extreme cold and heat, and vibrations; and could occasionally operate a motor vehicle. (T. at 535-38.) Contrary to Dr. Merkhan's opinion, the ALJ found Plaintiff could sit up to six to eight hours in thirty minute intervals, and stand and walk in thirty minute intervals up to four to eight hours per day. (T. at 16.) He did not

12

find any limitations regarding Plaintiff's exposure to the various aforementioned conditions and items listed above. Moreover, the ALJ did not explain why he did not accept Dr. Merkhan's opinion. (T. at 23.)

The record also shows that Dr. Merkhan is an internal medicine specialist who treated Plaintiff four times between September 15, 2009, and November 3, 2010, the date Dr. Merkhan completed the Medical Source Statement. (T. at 397-99; 478-83; 530-39.) Plaintiff was discharged from Dr. Merkhan's care on December 22, 2010. (T. at 528.) Dr. Merkhan's diagnoses included cervical spinal stenosis, reflux esophagitis, neurotic depression, and lumbar disc degeneration. (T. at 398; 480; 483; 531.) He prescribed various medications to Plaintiff and ordered various diagnostic tests to address Plaintiff's medical issues. (T. at 399; 480; 483; 530.) The ALJ failed to discuss Dr. Merkhan's treatment of Plaintiff, or the length and nature of the treatment. (T. at 23.) Likewise, the ALJ did not discuss the consistency or lack of consistency of Dr. Merkhan's treatment and findings with the record as a whole. *Id.* In fact, the ALJ failed to address any factors that either supported or contradicted Dr. Merkhan's opinions set forth in the Medical Source Statement he prepared. *Id.; see also* 20 C.F.R. § 404.1527(c)(2)-(6); *Zabala*, 595 F.3d at 409.

In addition, although the ALJ stated what weight he accorded to several other physicians in the decision ("significant weight" to the opinion of L. Hoffman, "some weight" to Dr. Puri) and dismissed a remark from Dr. Greenberg as he considered it "of limited probative value," at no point did he discuss what weight he accorded Dr. Merkhan's opinion. (T. at 23.)

In short, the ALJ failed to state what weight, if any, was accorded to Dr. Merkhan's opinion, and did not provide "good reasons" for rejecting portions of Dr. Merkhan's opinion in

13

making Plaintiff's RFC determination. *See Halloran,* 362 F.3d at 33 (noting that he Second Circuit "will continue remanding when [the court] encounter[s] opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physicians's opinion"). Therefore, I recommend that the Court remand the Commissioner's decision for explanation of the weight accorded the opinion of treating internist, Dr. Merkhan. *See Snell*, 177 F.3d 128 at 134 (noting that although a finding of disability is ultimately reserved to the discretion of the Commissioner, "it does not exempt administrative decision makers from their obligation . . . to explain why a treating physician's opinions are not being credited").

## VI. CONCLUSION

Although Plaintiff raised several issues in the complaint, the Court has only addressed the issue relating to Plaintiff's treating physician, Dr. Merkhan, as it is dispositive. The ALJ failed to explain why the opinions of Dr. Merkhan were not credited in determining Plaintiff's RFC. The ALJ also failed to provide "good reasons," or any reasons, for not giving controlling weight to the opinion of Dr. Merkhan. Accordingly, remand is necessary.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[4] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the

---

[4] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 13, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge